IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOSTAFA ARAM AZADPOUR, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-1335-N-BK |
| | § | |
| BLUE SKY SPORTS, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3* and 28 U.S.C. § 636(b)(1)(B)&(C), Defendants' motions to dismiss, Doc. 10; Doc. 19; Doc. 29, are before the Court for findings of fact and recommendations regarding the dispositions. As explained below, the motions should be **GRANTED**.

**A. Procedural History**

In May 2017, Plaintiff filed a *pro se* complaint against his former employer and several of its officers and employees (collectively, "Defendants"). He contends that he worked for Defendant Blue Sky Sports as an indoor soccer referee from April 2015 until he was terminated in July 2015. Doc. 3 at 1-2; Doc. 3 at 6. Plaintiff alleges that he was (1) discriminated against and terminated based on his gender and national origin; and (2) retaliated against after (a) complaining that he had wrongfully been accused of gender discrimination by Defendants Dawna and Lauren Trautman (the "Trautman Defendants") and (b) because he stated that he might sue his employer. Doc. 3 at 1-2; Doc. 3 at 11-14. Plaintiff avers in his complaint that his "former employer operated in multiple locations within the State of Texas and[,] collectively, it employed more than 15 employees." Doc. 3 at 1. Defendants now move to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 10; Doc. 19;

Doc. 29.

**B. Applicable Law**

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). A court ruling on a Rule 12(b)(6) motion may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

Title VII makes it unlawful for employers to discriminate against individuals with respect to their "compensation, terms, conditions, or privileges of employment, because of [their] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The provisions of Title VII apply only to employers who employ at least 15 persons. 42 U.S.C. § 2000e(b).

**C. Parties' Arguments and Analysis**

*1. Peter Brody and Jane Naumann*

Plaintiff named Brody and Naumann as Defendants in the caption of his complaint, asserting that Brody is "CEO" and Naumann is "COO/President" of an unspecified entity. Doc. 3 at 1. Brody and Naumann argue that Plaintiff has pled no facts suggesting that either of them was personally involved in the conduct at issue, and Title VII does not impose liability on individuals who are not employers. Doc. 10 at 4. As such, Brody and Naumann assert that they

2

are entitled to dismissal of the suit against them. Doc. 10 at 4. Plaintiff did not respond to this argument. *See generally* Doc. 15.

As an initial matter, Plaintiff has abandoned his claims against Brody and Naumann because he failed to respond to the arguments they raised in their motion to dismiss. *See Matter of Dallas Roadster, Ltd*., 846 F.3d 112, 126 (5th Cir. 2017) (finding that plaintiff's failure to respond to defendant's argument in a motion to dismiss constituted abandonment). Additionally, as Defendants correctly argue, a Title VII suit against an employee is, in effect, a suit against the corporate entity. *Indest v. Freeman Dec., Inc*., 164 F.3d 258, 262 (5th Cir. 1999). As such, employees may not be sued for damages in their individual capacities. *Id.* Brody and Naumann's motion to dismiss thus should be **GRANTED**, and Plaintiff's claims against them should be dismissed with prejudice. *Id.*; *see also Ackel v. Nat'l Commc'ns, Inc*., 339 F3d 376, 382 n.1 (5th Cir. 2003) (holding that individuals cannot be held liable under Title VII in either their individual or official capacities).

*2. The Trautman Defendants*

As did Brody and Naumann, the Trautman Defendants argue that Plaintiff's Title VII discrimination claim is viable only against his employer. Doc. 19 at 3-4; Doc. 29 at 3-4. The Trautman Defendants also argue that any purported claim against them for defamation based on their allegedly calling Plaintiff a misogynist is insufficiently pleaded, and amendment is not warranted because no plausible defamation claim is viable. Doc. 19 at 4-6; Doc. 29 at 4-6.

Plaintiff responds that he is not raising a Title VII claim against the Trautman Defendants, but is instead invoking supplemental jurisdiction to pursue a defamation claim against them. Doc. 28 at 2 n.5; Doc. 28 at 4-5; Doc. 31 at 2 n.6; Doc. 31 at 3-5. He also requests leave to amend his complaint if the Court grants the Trautman Defendants' motion to

3

dismiss. Doc. 28 at 5; Doc. 31 at 5. Because Plaintiff concedes that he is not suing the Trautman Defendants for a violation of Title VII, their motion to dismiss with prejudice any such claim against them should be **GRANTED**.

To state a claim for defamation, a non-public plaintiff must plead that the defendant: (1) published a false statement of fact to a third party; (2) the statement was defamatory concerning the plaintiff; (3) the defendant acted negligently regarding the truth of the statement; and (4) in some instances, the plaintiff incurred damages. *See Patton v. Adesa Texas, Inc.*, 985 F. Supp. 2d 818, 822 (N.D. Tex. 2013) (holding that employee had stated a slander claim where she alleged that co-workers had falsely accused her of making racist remarks in order to have her terminated); *Copeland v. D & J Const. LLC*, 2015 WL 512590, at *5-6 (finding that statements contained in text messages stated a claim for defamation) (N.D. Tex. Feb. 6, 2015) (Godbey, J.); *In re Perry*, 432 B.R. 215, 267 (S.D. Tex. 2010) (holding that an email, "just like a letter or a note," is a means for a statement to be published for defamation purposes) (citation omitted).

Liberally construing Plaintiff's *pro se* complaint, the attachments thereto, and his response to the Trautman Defendants' motion to dismiss, it is evident that he is attempting to state a claim against the Trautman Defendants for defamation. The attachments to his complaint indicate that the basis for such a claim is that: (1) Defendant Dawna Trautman falsely told others on numerous occasions, via text message, email, telephone, and in person, that Plaintiff was a misogynist, sexist, and a poor referee; and (2) Defendant Lauren Trautman falsely stated in front of various soccer players and time-keepers that Plaintiff was a misogynist and that she "knew [his] type."[1] Doc. 3 at 2; Doc. 3 at 11; Doc. 3 at 13. *See Robertson v.*

---

[1] These statements were not contained in the complaint, but in documents attached thereto. However, the Court may consider them in the context of a Rule 12(b)(6) motion. *Randall D.*

4

*Southwestern Bell Yellow Pages, Inc.*, 190 S.W.3d 899 (Tex. App. Dallas 2006) (actionable defamation is a false statement, whether communicated orally or in writing).

While the body of the complaint does not contain a sufficiently pled defamation claim, based on the attendant allegations in the attachments thereto, the Court cannot conclude that permitting Plaintiff to amend his complaint would be futile at this juncture. Thus, the Trautman Defendants' *Motion to Dismiss* should be granted, but Plaintiff should also be granted leave to amend his complaint with respect to his defamation claims.

*3. Defendants Blue Sky Sports Center of Keller, LP; Blue Sky Sports Center of Euless, LP; Blue Sky Keller Management, Inc. (the "Defendant Entities")*

The Defendant Entities argue that Plaintiff's assertion that they collectively employed more than 15 employees, as required by Title VII, is conclusory and lacks any supporting facts. Doc. 10 at 4-5. As such, they argue that his complaint should be dismissed.[2] Doc. 10 at 5.

Plaintiff responds that if his former employer consisted of separate business entities, then he should have been required to file multiple W-9 forms and was not.[3] Doc. 15 at 4. He also contends that he has raised a state cause of action against "certain named Defendants" for defamation. Doc. 15 at 4.

The Defendant Entities reply that Plaintiff must amend his complaint and provide factual support for the employee aggregation argument he asserts. Doc. 20 at 3. Additionally, as did the

---

*Wolcott, M.D.*, 635 F.3d at 763.

[2] Plaintiff and the Defendant Entities additionally dispute whether Plaintiff was properly classified as an employee or as an independent contractor for purposes of Title VII liability. Doc. 10 at 2; Doc. 15 at 3. However, as the Defendant Entities recognize, that is a factual dispute best suited for disposition on summary judgment should the case proceed to that stage. Doc. 10 at 2 n.2.

[3] A W-9 form is typically filed when an individual is classified as an independent contractor or freelancer. https://www.irs.gov/forms-pubs/about-form-w9 (last visited on Jan. 3, 2018).

Trautman Defendants, the Defendant Entities contend that Plaintiff's complaint does not include fair notice that he raised a claim of defamation, and he should not be permitted to amend his complaint to add such a claim as it would be futile. Doc. 20 at 4.

For purposes of Rule 12(b)(6), the Court must accept as true the well-pleaded allegations of Plaintiff's complaint. *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). Plaintiff alleged in his complaint that "[m]y former employer operated in multiple locations within the State of Texas and collectively, it employed more than 15 employees." Doc. 3 at 1. Construing Plaintiff's complaint in the light most favorable to him and drawing all reasonable inferences in his favor, the Court does not find this allegation to be so conclusory that the Defendant Entities are entitled to dismissal at this stage of the litigation. *See Berry v. Lee*, 428 F. Supp. 2d 546, 559 (N.D. Tex. 2006) (holding sufficient to survive Rule 12(b)(6) dismissal plaintiff's allegation that the defendant company was "an employer within the meaning of Title VII" even though plaintiff did not allege that the company had 15 or more employees); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam) ("The court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.") (citation omitted). Thus, the Defendant Entities' motion to dismiss on this basis should be **DENIED**.

Regarding Plaintiff's defamation allegations, for the reasons stated in the previous section, the complaint is deficient but Plaintiff nevertheless should be permitted to amend his complaint if he seeks to hold the Defendant Entities liable for such a claim. *See Rodriguez v. Sarabyn*, 129 F.3d 760, 769 (5th Cir. 1997) (noting that an employer may be held liable for defamation by its employee if the defamatory statement is "(1) referable to a duty owed by the employee to the employer and (2) made while the employee is in the process of discharging that

6

duty") (citation omitted).  Accordingly, the Defendant Entities' motion to dismiss Plaintiff's defamation claim should be **GRANTED**, but with leave to amend.

### D. Conclusion

For the reasons stated herein, Brody and Naumann's *Motion to Dismiss*, Doc. 10, should be **GRANTED**.  The Defendant Entities' *Motion to Dismiss*, Doc. 10, should be **DENIED** as to Plaintiff's Title VII claim and **GRANTED** as to Plaintiff's defamation claim.  The Trautman Defendants' *Motions to Dismiss*, Doc. 19 & Doc. 29, should be **GRANTED**.  Moreover, if, within 21 days of the District Judge's Order accepting this recommendation, Plaintiff fails to amend his defamation claim to cure the deficiencies in his defamation claims noted herein, at the re-urging of Defendants, those claims should also be **DISMISSED WITH PREJUDICE** – leaving Plaintiff's Title VII employment discrimination action against the Defendant Entities as his sole surviving claim.

**SO RECOMMENDED** on January 5, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE