IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOSTAFA ARAM AZADPOUR, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-1335-N-BK |
| | § | |
| BLUE SKY SPORTS CENTER | § | |
| OF KELLER, et al, | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3* and 28 U.S.C. 636(b)(1)(B)&(C), Defendants' *Motion to Dismiss*, Doc. 44, is before the Court for findings of fact and a recommended disposition. As discussed herein, Defendants' *Motion to Dismiss* should be **GRANTED**.

**I.     PROCEDURAL HISTORY**

In May 2017, Plaintiff filed a *pro se* complaint against his former employer and several of its officers and employees (collectively, "Defendants"), in which he contended that he worked for Defendant Blue Sky Sports as an indoor soccer referee from April 2015 until he was terminated in July 2015. Doc. 3 at 1-2; Doc. 3 at 6. Plaintiff alleged that he was (1) discriminated against and terminated based on his gender and national origin; and (2) retaliated against after (a) complaining that he had wrongfully been accused of gender discrimination by Defendants Dawna and Lauren Trautman (the "Trautman Defendants") and (b) because he stated that he might sue his employer. Doc. 3 at 1-2; Doc. 3 at 11-14.

Defendants moved to dismiss Plaintiff's complaint, with the exception of his retaliation claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 10; Doc. 19; Doc. 29. The Court dismissed with prejudice Plaintiff's Title VII claims against the Trautman

Defendants, but denied the motions to dismiss Plaintiff's Title VII discrimination claims against Defendants Blue Sky Sports Center of Keller, LP; Blue Sky Sports Center of Euless, LP; and Blue Sky Keller Management, Inc. (collectively, the "Blue Sky Entities").[1]  Doc. 38 at 4-5, 7; Doc. 41.  The Court granted Plaintiff leave to amend his complaint to attempt to sufficiently plead his dismissed claim for defamation against all Defendants.  Doc. 38 at 4-5, 7; Doc. 41.

In his *First Amended Complaint*, Doc. 42, Plaintiff again alleges that the Blue Sky Entities discriminated against him on the basis of his gender and national origin and re-asserts his retaliation claim.[2]  Doc. 42 at 2; Doc. 42 at 12-15.  In addition, Plaintiff brings defamation claims against all Defendants.  Specifically, Plaintiff alleges that the Trautman Defendants called him a "misogynist" and said that they "knew [his] type" in the presence of soccer players, timekeepers, and Plaintiff himself.  Doc. 42 at 13, 16.  Plaintiff bases his defamation claim against the Blue Sky Entities on (1) their republication of the Trautmans' statements verbally and via email, as well as and the letter-response of Blue Sky's attorney to the Equal Employment and Opportunity Commission ("EEOC") during its investigation of Plaintiff's termination.  Doc. 42 at 15-18.  Defendants now move to dismiss all of Plaintiff's claims, except for his Title VII retaliation claim.  Doc. 44 at 7 n.1, 10.

---

[1] The Court also dismissed with prejudice Plaintiff's claims against Defendants Peter Brody and Jane Naumann because Plaintiff had abandoned his claims against them.  Doc. 38 at 2-3; Doc. 41.

[2] Although Plaintiff purports to incorporate by reference the entirety of his original complaint, he then proceeds "to amend it as follows: (1) replace its caption with the caption of instant First Amended Complaint, (2) replace its body in its entirety with the body of instant First amended Complaint."  Doc. 42 at 1.  Because Plaintiff is "replacing" the entire body of his original complaint with the amended complaint, the Court only considers the allegations in his *First Amended Complaint*.  *See Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985) (noting general rule that an amended complaint ordinarily supersedes the original and renders it of no legal effect unless the amended complaint specifically adopts the earlier pleading).

## II.     APPLICABLE LAW

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). Although *pro se* complaints are held to a more lenient standard, plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also Twombly*, 550 U.S. at 555. A court ruling on a Rule 12(b)(6) motion may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

## III.     ARGUMENTS AND ANALYSIS

### 1.   Employment Discrimination

Defendants argue that (1) Plaintiff fails to plead any facts to support discrimination on the basis of his national origin, Doc. 44 at 18-19; and (2) because Plaintiff fails to allege sufficient facts demonstrating that a similarly situated female employee was treated more favorably than he was under the same circumstances, his gender discrimination claim should be dismissed pursuant to Rule 12(b)(6), Doc. 44 at 19-21. In his response, Plaintiff does not address the sufficiency of his factual allegations in his *First Amended Complaint*, but argues that he is not required to plead a prima facie case of discrimination at the dismissal stage. Doc. 45 at 6.

Title VII makes it unlawful for employers to discriminate against individuals with respect to their "compensation, terms, conditions, or privileges of employment, because of [their] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A plaintiff need not plead specific facts establishing a prima facie case of employment discrimination to survive a Rule 12(b)(6) motion to dismiss. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). Nonetheless, the "ordinary rules of assessing the sufficiency of a complaint apply." *Id.*; *see also Meadows v. City of Crowley*, 731 F. App'x 317 (5th Cir. 2018) (holding that the plaintiff was not exempt from "*alleging facts* sufficient to establish the elements" of her discrimination claims) (emphasis in original). To state a claim for discrimination, a plaintiff must allege that he or she suffered an "adverse employment action" because of their protected status. *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (quoting *Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 576 (5th Cir. 2004)). Adverse employment actions "include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007) (per curiam) (citation and internal quotation marks omitted).

In this case, Plaintiff has failed to plead facts that plausibly allege he suffered an adverse employment action "because of" his national origin or gender in violation of Title VII. Plaintiff's allegations turn on the assertion that he was terminated because two female referees complained about him to management, called him a misogynist, and stated that they "knew his type." Doc. 42 at 13. However, this does not constitute an allegation that the Blue Sky Entities terminated him "because of" either his gender or his national origin. *Raj*, 714 F.3d at 331; *cf. Williams v. City of Richardson*, No. 3:16-CV-2944-L, 2017 WL 4404461, at *6 (N.D. Tex. Sept. 8, 2017) (Toliver, J.) (recommending dismissal of plaintiff's Title VII claim where he failed to

4

allege that he suffered an adverse employment action "*because of* his race") (emphasis in original), *adopted by* 2017 WL 4351535 (N.D. Tex. Sept. 30, 2017) (Lindsay, J.).

Moreover, Plaintiff has not pointed to any similarly situated female or person of different national origin who was treated more favorably by the Blue Sky Entities than he was.³  *See generally* Doc. 42.  Because Plaintiff's complaint does not allege any facts suggesting that the Blue Sky Entities' actions were based on Plaintiff's national origin or gender or that the Blue Sky Entities treated similarly situated female employees more favorably, he fails to raise his right to relief above a speculative level.  *See Raj*, 714 F.3d at 331.  Accordingly, Plaintiff's Title VII discrimination claim based on gender and national origin should be dismissed.

**2. Defamation**

To state a claim for defamation, a non-public plaintiff must plead that the defendant: (1) published a false statement of fact to a third party; (2) the statement was defamatory concerning the plaintiff; (3) the defendant acted negligently regarding the truth of the statement; and (4) in some instances, the plaintiff incurred damages.  *See Patton v. Adesa Texas, Inc.*, 985 F. Supp. 2d 818, 822 (N.D. Tex. 2013) (holding that employee had stated a slander claim where she alleged that co-workers had falsely accused her of making racist remarks in order to have her terminated); *Copeland v. D & J Const. LLC*, No. 3:13-CV-4432-N-BH, 2015 WL 512590, at *5-6  (N.D. Tex. Feb. 6, 2015) (Godbey, J.) (finding that statements contained in text messages stated a claim for defamation); *In re Perry*, 432 B.R. 215, 267 (S.D. Tex. 2010) (holding that an email, "just like a letter or a note," is a means for a statement to be published for defamation purposes) (citation omitted).

---

³ Indeed, in his EEOC intake questionnaire, which is attached to Plaintiff's operative complaint, he admits that he is "not aware of another referee in [a] similar situation." Doc. 42-1 at 18-19.

### A. Blue Sky Entities' Published Statements

The Blue Sky Entities' argue that their statements alleged to be defamatory are entitled to absolute privilege because they were part of the "quasi-judicial proceedings" surrounding Plaintiff's EEOC complaint and investigation. Doc. 44 at 12-13. Plaintiff responds that the EEOC investigation was not quasi-judicial because no administrative law judge ("ALJ") heard his complaint. Doc. 45 at 5.

Under Texas law, communications "uttered or published in the due course of a judicial proceeding" are "absolutely privileged" and cannot serve as the basis for a defamation action. *Reagan v. Guardian Life Ins. Co.*, 166 S.W.2d 909, 912 (1942). This privilege also applies to "quasi-judicial proceedings" before governmental agencies. *Matta v. May*, 118 F.3d 410, 415 (5th Cir. 1997). Contrary to Plaintiff's assertion that quasi-judicial proceedings require an ALJ, proceedings are considered to be quasi-judicial if the person or entity presiding over the proceeding has "authority to redress grievances to which it takes cognizance." *Dick v. J.B. Hunt Transp., Inc.*, 772 F. Supp. 2d 806, 823 (N.D. Tex. 2011) (holding that proceedings before the EEOC are quasi-judicial in nature); *see also Matta v. May*, 888 F. Supp. 808, 813 (S.D. Tex. 1995) ("A proceeding before the SEC's EEO Committee is quasi-judicial in nature."). Thus, the EEOC proceedings in this case are properly considered quasi-judicial.

As the Blue Sky Entities published the allegedly defamatory statements in defending against Plaintiff's EEOC complaint, the statements undoubtedly "bear relation" to the proceeding. *Russell v. Clark*, 620 S.W.2d 865, 870 (Tex. Civ. App.—Dallas 1981) (privilege extends to communications that "bear[] some relation to" the proceeding with all doubt "resolved in favor of relevancy."). Therefore, the statements by the Blue Sky Entities during the EEOC

proceeding are entitled to absolute privilege, and Plaintiff's defamation claim against them should be dismissed.

### B.  *Trautman Defendants' Verbal Statements*

The Trautman Defendants argue that Plaintiff's defamation claim against them is time-barred and should be dismissed on that basis. Doc. 44 at 13-14. In response, Plaintiff argues that the Trautman Defendants waived their statute of limitations defense by failing to raise it in their first motion to dismiss, Doc. 29, or in their reply brief, Doc. 32. Doc. 45 at 3-4.

As an initial matter, Defendants did not waive their statute of limitations defense by failing to raise it in the briefing on their first motion to dismiss. Federal Rule of Civil Procedure 12(g) provides that "except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." FED. R. CIV. P. 12. The referenced exception, Rule 12(h)(2), allows a party to raise a 12(b)(6) motion: (a) in any pleading allowed or ordered under Rule 7a; (b) by motion under Rule 12(c); or (c) at trial. FED. R. CIV. P. 12(h)(2). Thus, taken together, Rule 12(h)(2) specifically exempts motions to dismiss for failure to state a claim from the consolidation requirement of Rule 12(g), therefore preserving the Trautmans' statute of limitations defense from waiver. *See Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 141 (5th Cir. 2007) (holding that Rule 12(h)(2) excepts motions to dismiss for failure to state a claim from the consolidation requirement); *see also MCW, Inc. v. Badbusinessbureau.com, L.L.C.*, No. 3:02-CV-2727-G, 2004 WL 833595, at *5 (N.D. Tex. Apr. 19, 2004) (Fish, C.J.) ("Read together, Rule 12(g) exempts a Rule 12(b)(6) defense from its consolidation requirement, and Rule 12(h)(2) preserves the defense from Rule 12(h)(1)'s waiver mechanism.") (citation omitted).

7

Having determined that Defendant's limitations argument is not waived, the Court now considers whether Plaintiff's defamation action is time-barred. In Texas, defamation actions have a one-year statute of limitations. TEX. CIV. PRAC. & REM. CODE § 16.002(a). The statute of limitations begins to run when "the statement is made or the matter is published, and . . . when the injured person learns of the defamation." *Jackson v. Texas A & M Univ. Sys.*, 975 F. Supp. 943, 945 (S.D. Tex. 1996) (citing *Dwyer v. Sabine Mining Co.,* 890 S.W.2d 140, 142 (Tex. App.—Texarkana 1994)).

Based on the allegations in Plaintiff's *First Amended Complaint*, the cause of action began to run on July 27, 2015 when Defendant Lauren Trautman called Plaintiff a "misogynist" and stated that she "knew [his] type." Doc. 42 at 13. Plaintiff filed his original complaint on May 19, 2017. Doc. 3. Thus, nearly two years passed from the time Plaintiff's cause of action accrued to the time he filed suit. Plaintiff's defamation claim against the Trautman Defendants is therefore barred by the one-year statute of limitation and, accordingly, should be dismissed.[4]

### 3. Leave to Amend

Ordinarily, plaintiffs should be granted leave to amend their complaint prior to dismissal. *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (per curiam) ("[A] *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."). Plaintiff already has amended his complaint once, so it appears that he has pled his best case at this point. *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (per curiam) (dismissal with prejudice of a *pro se* case is appropriate if the court determines that the plaintiff has alleged

---

[4] The Court does not reach the Trautman Defendants' additional ground for dismissal, to wit, that the allegedly defamatory statements constitute their opinions, as the defamation claim may be disposed of based on the statute of limitations.

his best case). Allowing Plaintiff leave to amend his complaint again, with respect to his Title VII discrimination claim and defamation claims, would be futile, cause needless delay, and waste the Court's resources. Accordingly, Plaintiff should not be granted leave to amend his complaint a second time.

### IV. CONCLUSION

For the reasons stated above, Defendants' *Motion to Dismiss*, Doc. 44, should be **GRANTED** and Plaintiff's claims, with the exception of his Title VII retaliation claim against the Blue Sky Defendants, should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on August 14, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE